## French, Farmer and Casteel v. Commonwealth.

(Decided January 19, 1923.)

### Appeal from Madison Circuit Court.

1. Intoxicating Liquors—Possession.—Two or more persons may have in possession at the same time a bottle or jar of whiskey and be guilty of unlawfully possessing the same.

2. Intoxicating Liquors—Willful Concealment of Fact by Witness.—Although it is provided by section 6 of the 1922 prohibition act, that no witness before a grand jury, court of inquiry, or on a trial for any violation of the act, shall in any subsequent proceeding be prosecuted for any offense disclosed in his testimony, a witness introduced for the Commonwealth who fails to make any answer incriminating himself, or to give any evidence disclosing any offense in which he is involved, may be prosecuted for a violation of the act which he wilfully concealed when testifying.

BURNAM & GREENLEAF for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellants, French, Farmer and Casteel, were indicted and convicted in the Madison circuit court of the offense of unlawfully having in possession intoxicating liquors. Their motion and grounds for new trial being overruled they prosecute this appeal relying upon four grounds: (1) absence of evidence showing appellants' guilt; (2) only one of the defendants could have been guilty of the offense charged although all three were convicted; (3) incompetent evidence admitted over the objection of appellants tending to show the commission of another offense by one of the appellants; (4) appellants were each required to testify for the Commonwealth in this prosecution, and therefore were immune from prosecution under section 6 of the prohibition act of 1922.

1. Appellant Farmer owned and had in his possession an automobile which he was driving on the streets of Berea, Madison county, when the other two appellants entered the car and drove through the streets at a rapid rate, as contended by the Commonwealth. The police officers observing, as they say, the great speed of the car in which appellants were riding and that it was exceeding the speed limit of that city, started in pursuit and

arrested appellants just outside the city limits, where appellants' car had stopped for the purpose of making some repairs, as stated by appellants.   After arresting appellants the officers in looking around the car found a small quantity of intoxicating liquor in a bottle or jar underneath the car on the ground with the cap of the vessel laying on the hood of the car.  This liquor the officers took in charge and carried with the appellants before the police court.   In the police court each of the appellants was called by the Commonwealth as a witness and examined and cross-examined to determine whose liquor it was which the officers found, but each of the appellants denied ownership of the liquor or any knowledge of how it came to be where it was at the time the officers found it, or any knowledge whatever concerning the liquor.  They were then held to the grand jury and were later indicted, tried and convicted in the Madison circuit court.  While the evidence was not direct and absolutely certain but rather circumstantial, it was sufficient to carry the case to the jury and support the verdict.

2.   As Farmer was the sole owner and driver of the car in which they were riding, it is insisted by appellants that he alone could be guilty of possessing the liquor, if it were possessed by either. We cannot, however, give our assent to this narrow construction in view of the state of the record.  If, as the jury may have believed, appellants jointly owned and possessed the liquor and took it with them in the car for the purpose of drinking or otherwise using it for their joint benefit, they were all guilty of the offense of possessing intoxicating liquor. In the absence of a definite showing that one or the other of appellants had possession and control over the liquor to the exclusion of the others—this was a matter of defense—and thus individually possessing it, the jury was justified under the evidence in finding all of the defendants guilty.

It is said in brief of counsel that it is not definitely proven that the offense was committed in Madison county, but counsel overlooks that part of the evidence by the witness Abney wherein he says the acts of which complaint is made in the indictment were committed in Madison county.

3.   It is next insisted that the trial court erred in permitting testimony of other alleged violations of the liquor

law by appellant French. While French was on the stand as a witness in his own behalf he was asked:

"Q. Where did you get your whiskey you were drinking that day?" To which he answered: "A. Well I had had a couple of drinks that morning, early in the morning. Q. That is not answering the question. Where did you get your whiskey you were drinking that day? A. Fellow gave it to me out there on the road, on the Narrow Gap pike."

This evidence does not show that appellant French had been guilty of another or different violation of the prohibition laws. While it is a public offense to give a drink of intoxicating liquor to another under certain circumstances, it has never been held that to take a drink of such intoxicants is a violation of the law. This evidence, though not so relevant, was not prejudicial to the rights of appellants.

4. Relying upon section 6 of the prohibition act of 1922, appellants insist that they are immune from prosecution in this case because the Commonwealth elected, as they say, to use appellants as witnesses and did actually put each of appellants upon the witness stand, swearing, examining and cross-examining them concerning the whiskey which appellants are charged to have unlawfully had in their possession. Said section of the act reads: "No witness before a grand jury, court of inquiry, or on a trial for any violation of this act, shall be permitted to refuse to answer any question because the answer will incriminate himself, but his evidence shall not be used against him in any subsequent proceedings, and such witness shall not be prosecuted for any offense disclosed in such testimony." While this section of the act protects a witness against any incriminating testimony given by him as a witness for the Commonwealth and exonerates him from punishment for any offense committed by him disclosed in such testimony given at the behest of the Commonwealth, it does not prohibit the prosecution of persons who have given no answer incriminating themselves and who have not disclosed by their testimony in behalf of the Commonwealth any offense which they have committed. Appellants gave no evidence in the Berea police court incriminating either one of themselves, nor did their evidence disclose any offense committed by either of them, and the Commonwealth is not now relying upon, and at the trial did not attempt to introduce or use in any way any of the

evidence given by either of appellants in the police court at the time of which they complain nor to prosecute either of appellants for any offense disclosed in their testimony. They did not disclose any offense committed by either one of them and did not give any testimony incriminating themselves, therefore they can not claim exemption under section 6 of the act.

There appearing no error to the substantial rights of appellants, the judgment is affirmed.

Judgment affirmed.