## Dunn v. Commonwealth.

(Decided September 28, 1923.)

### Appeal from Nicholas Circuit Court.

1. Intoxicating Liquors—Requisites of Affidavit for Search Warrant.— An affidavit for a search warrant is sufficient where it sets forth facts sufficient to create in the mind of a reasonable person the opinion and belief that accused had in possession intoxicating liquors for beverage purposes.

2. Criminal Law—One Called as Witness Immune from Prosecution in Another Case Involving same Facts.—One called as a witness by the Commonwealth in a companion case, involving the same facts, was immune from prosecution under prohibition act 1922, section 6, the charge in both instances being possession of the same liquor in the same place.

S. HOLMES for appellant.

THOS. B. McGREGOR, Attorney General, LILBURN PHELPS, Assistant Attorney General, T. E. KING and F. V. COX for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellant, Bessie L. Dunn, assigns two reasons for a reversal of a judgment of conviction against her for the offense of having in possession intoxicating liquors not for medicinal, sacramental, scientific or mechanical purposes. They are:

(1) The evidence introduced for the Commonwealth was incompetent because obtained through and by means of a search warrant issued upon an insufficient affidavit; (2) appellant having been called as a witness by the Commonwealth in a companion case, involving the same facts in large part, was immune from prosecution, under section 6 of the prohibition act of 1922.

(1) While the affidavit upon which the search warrant was issued was not as full and complete as it should have been, it did set forth facts sufficient in our judgment to create in the mind of a reasonable person the opinion and belief that appellant had in her possession at that time intoxicating liquors for beverage purposes. The affidavit being sufficient, the search warrant issued thereon being in the usual form, was sufficient.

(2) The second contention presents a much more serious question. Mrs. Dunn lived in the city of Carlisle.

She had a friend named Roy Vansant who frequented her place. According to her testimony, which is all there is upon that subject, Vansant came to her house at a late hour on Friday night and told her that his automobile loaded with whiskey was broken down near her place and that he desired to unload the liquor into her house. She consented. She did not see him unload the liquor in the house, but later she found a large quantity of whiskey in her kitchen. Both she and Vansant were separately indicted for having the liquor, as above mentioned, in possession and he for transporting it. Apparently the prosecuting officers regarded Vansant as the arch criminal. Soon after the arrest and discovery of the whiskey the county attorney gave notice that he desired to take the deposition of appellant, Mrs. Dunn, in the case of the Commonwealth v. Vansant. By agreement with counsel for Vansant this deposition was taken and read on the trial of Vansant. In this deposition appellant, Mrs. Dunn, was asked by the prosecutor many questions concerning how the liquor came to her premises; whose it was, and what became of it. She answered these questions in full, thus disclosing to the Commonwealth all the facts, including the fact that she had the moonshine in possession. This evidence disclosed that the liquor was there unlawfully and that she had violated the law in having it in her possession.

Section 6 of the prohibition act of 1922, reads:

"No witness before a grand jury, court of inquiry, or on a trial for any violation of this act, shall be permitted to refuse to answer any question because the answer will incriminate himself, but his evidence shall not be used against him in any subsequent proceedings, and such witness shall not be prosecuted for any offense disclosed in such testimony."

This section of the act was considered by the court in the case of French, &c. v. Commonwealth, 198 Ky. 512.

Appellant claimed immunity under this statute. She entered a plea in bar. By that statute she is entitled to immunity from prosecution for "any offense disclosed in such testimony." She was asked by the Commonwealth as a witness concerning the offense committed in her house. She disclosed the whole matter in answers to questions asked her by the prosecuting attorney. Clearly this exonerated her from prosecution, and her plea in bar of prosecution entered at the time of the trial should

have been sustained by the trial court. In overruling this motion the court committed reversible error.

The judgment is reversed for proceedings consistent with this opinion.