## Hall v. Commonwealth.

(Decided April 29, 1924.)

### Appeal from Letcher Circuit Court.

Criminal Law—One Testifying Before Grand Jury Immune from Prosecution.—One who has been compelled to give evidence before a grand jury, which resulted in disclosing his guilt of offense

under investigation, is entitled to immunity against prosecution for possessing intoxicating liquors, under Acts 1922, c. 33, section 6, which is mandatory in character.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Sam Hall, was indicted, tried and convicted in the court below of the offense of unlawfully having intoxicating liquor in his possession. He has appealed from the judgment of conviction and seeks its reversal upon the sole ground that as he was compelled to testify before the grand jury as to the participation of three others, Dixon, Trent and Hays, in the offense of which he was convicted, and in doing so was likewise compelled to incriminate himself, by then confessing his own guilt of the same offense, that fact under section 6, chapter 33, Acts 1922, rendered him immune to prosecution for the offense of which he was convicted; which immunity was relied on by a special plea entered by him when arraigned under the indictment for trial.

He and his associates named were separately indicted for the offense, each indictment being found upon his and their testimony. Section 6 of the act, *supra*, provides:

"No witness before a grand jury, court of inquiry, or on a trial for any violation of this act, shall be permitted to refuse to answer any question because the answer will incriminate himself, but his evidence shall not be used against him in any subsequent proceedings, and such witness shall not be prosecuted for any offense disclosed in such testimony."

The facts upon which the appellant's conviction was had on the trial were substantially the same, according to the evidence, to which he testified and was compelled to testify before the grand jury; therefore his plea in bar should have been sustained by the trial court. The language of the section, *supra*, is not only broad and

comprehensive in meaning but is also mandatory in character. In Dunn v. Comlth., 200 Ky. 262, and French v. Comlth., 198 Ky. 512, we had occasion to construe and apply the provision of this section, and in so doing held that a defendant or witness who has been compelled to give evidence before a grand jury which resulted in disclosing his guilt of the offense under investigation was clearly entitled to the immunity granted by it. The conclusiveness of the opinions in those cases and their applicability to the case at bar, renders further consideration of the question here involved unnecessary. Manifestly the trial court erred in failing to sustain the appellant's plea in bar. For this reason the judgment is reversed and cause remanded for such further proceedings as may be consistent with the opinion.