## Dockins v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Hopkins Circuit Court.

1. Criminal Law—Testimony as to Delivery of Whiskey to Others for Sale Held Inadmissible as Showing Commission of Another Offense in Prosecution for Unlawful Possession.—In prosecution for unlawful possession of whiskey, evidence of several witnesses as to delivery to them of whiskey to be sold on Saturday was not inadmissible as showing commission of another offense, but admissible as showing continuous possession; it appearing that search warrant was executed on Monday, when whiskey was found in defendant's room.

2. Intoxicating liquors—Proper to Show Continuous Possession as Bearing on Punishment.—In prosecution for unlawful possession of intoxicating liquor, it is always proper to show continuous possession from day to day, and acts of defendant in regard thereto, to be taken into consideration by jury in fixing punishment.

3. Criminal Law—Selling Agents of One in Possession of Liquor Not His Accomplices.—Agents selling whiskey after they took it from defendant's room were not accomplices of his, as far as possession of whiskey in room was concerned, and he could be convicted on their testimony without corroboration.

COX & GRAYOT for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

E. Dockins was arrested under a warrant issued by the county judge of Hopkins county on the charge of unlawfully possessing intoxicating liquors, to-wit, whiskey, and not for sacramental, medicinal, scientific or mechanical purposes. On the trial before the county judge he

was found guilty and his punishment fixed at a fine of $200.00 and imprisonment in the county jail for thirty days. He appealed to the Hopkins circuit court; the case was tried anew; he was again found guilty and his punishment fixed at a fine of $250.00 and imprisonment for thirty days in jail. His motion for a new trial was overruled and he appeals.

A search warrant was regularly issued on December 10, 1923. Two officers, under the search warrant, searched Dockins' room on that day. He was not there; the officers found two jugs in the drawer of a washstand or dresser; one of the jugs contained whiskey. The warrant of arrest was then issued by the county judge. The Commonwealth on the trial in the circuit court proved these facts. The Commonwealth also introduced as a witness L. B. Burnett, who stated that on Saturday, December 8th, he was in Dockins' room with Dockins and there got from him a gallon of whiskey, which he took away with him; that Dockins delivered the whiskey to him to sell, and that he was to pay Dockins all over $2.00 a pint he got for it. The Commonwealth also introduced Ernest Haley and proved by him that he was in Dockins' room on Saturday, December 8th; that he took a drink of the whiskey and that Dockins delivered to him three pints in pint bottles to sell; that he sold these for Dockins at $3.00 a pint and turned over to Dockins $6.00.

It is earnestly insisted for the appellant that the testimony of Burnett and Haley was improperly admitted, for the reason that this testimony showed the commission of another offense than that for which he was arrested. But the offense for which he was arrested was "unlawfully possessing intoxicating liquor, to-wit, whiskey," within twelve months before the warrant was issued. His possession was shown to have existed on Saturday and to have continued until Monday, when the search warrant was issued and executed. The testimony did not show a separate offense; it showed only one offense, whcih was continuous. Dockins was not present when his room was searched and testified that he did not know the whiskey was there; there was nothing to show positively personal knowledge on his part and personal possession of the whiskey until the testimony of Burnett and Haley was introduced. We do not see that the case can be distinguished from the case of Vanover v Commonwealth, 202 Ky. 813. The proof did not show the commission by the defendant of another crime; it only showed a continuous

possession by him of the whiskey from Saturday, the 8th, until December 10th, and the unlawful character of that possession. 16 C. J., pp. 591-2. In cases of this sort where-there is a sliding scale of punishment, it is always proper to show a continuous possession from day to day and the acts of the defendant in regard thereto, for the jury may well take into consideration these things in fixing the punishment.

The court did not err in refusing to instruct the jury that Dockins could not be convicted on the testimony of an accomplice, unless such testimony was corroborated by other evidence tending to connect him with the commission of the offense. Burnett and Haley were not accomplices of Dockins in the possession of the whiskey in his room; they were simply his agents selling the whiskey after they took it from his room. His possession of the whiskey in the room was exclusive. They had no interest in any of the whiskey except what he delivered to them to sell.

Judgment affirmed.