## Denham v. Commonwealth.

(Decided January 23, 1925.)

### Appeal from Allen Circuit Court.

1. Criminal Law—Truth of Witness' Testimony Must be Accepted, where Uncontradicted.—Truth of a witness's testimony must be accepted, where it is uncontradicted by that of any other witness, and is supported by facts proved.

2. Criminal Law—Defendant's Testimony Under Oath Held to Render Him Immune to Prosecution for Possession of Part of Same Liquor About which he Testified.—Under Liquor Prohibition Enforcement Statute, section 6, where in court of inquiry held by county judge, defendant testified as to his unlawful possession of whiskey carried in automobile, though without specific mention of bottle thereof seen by witness, he was immune from prosecution for possession of the bottle of liquor at a time when the rest was in the automobile in his immediate presence.

3. Criminal Law—Immunity Statute Not Inapplicable Because Main Object of Inquiry was Discovery of Name of Bootlegger from whom Defendant Obtained Whiskey.—Liquor Prohibition Enforcement Statute, section 6, providing that evidence of a witness before court of inquiry shall not be used against him, was not rendered inapplicable because main object of court of inquiry was discovery of name of bootlegger from whom defendant obtained whiskey found in his possession.

B. F. DENHAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

This is an appeal from a judgment of the Allen circuit court based upon a verdict finding the appellant guilty of the offense of unlawfully having in his possession intoxicating liquor and fixing his punishment at a fine of $200.00 and confinement of thirty days in jail.

The prosecution was instituted under a warrant issued by the county judge, and the appellant's trial before him without the intervention of a jury resulted in his conviction. The appellant took an appeal from the judgment of that court to the circuit court, his trial in which court resulted in the conviction complained of on the present appeal.

In both the quarterly and circuit courts the appellant at the beginning of his trial, in addition to the formal plea of not guilty, entered a plea in bar and motion

to dismiss the warrant, each based upon a claim of immunity from prosecution for the offense charged, because of truthful disclosures previously made by him on oath before the county judge, sitting as a court of inquiry, which disclosures admitted his illegal possession of the intoxicating liquors charged in the warrant and gave the name of the person from whom he purchased it. The plea and motion were overruled on each of the trials, to which rulings the appellant duly excepted. Furthermore, on his trial by jury in the circuit court the appellant, at the close of the Commonwealth's evidence and again at the conclusion of all the evidence, moved the court for an instruction peremptorily directing his acquittal by the jury. But the motions were overruled and the instruction refused, and to these rulings the appellant also excepted.

Of the several grounds filed in support of the appellant's motion for a new trial made in and overruled by the circuit court, those chiefly relied on by him for the reversal of the judgment manifesting his conviction are: (1) Its rejection of his plea of immunity from prosecution for the offense charged in the warrant; (2) its refusal of his request for an instruction directing his acquittal by verdict of the jury.

The only evidence introduced in chief for the Commonwealth was furnished by the witness Haskel Simmons, who testified, in substance, that upon meeting the appellant near the Scottsville railroad station in the afternoon preceding his arrest, the latter, who is a resident of Monroe county and well known to him, stopped the automobile in which he was riding, and leaving it approached and greeted him (witness), after which he (appellant) drew from his pocket a pint bottle partly filled with whiskey and invited him to take a drink therefrom. Simmons, in apparent acceptance of the invitation, took the bottle and partly raised it to his mouth, but upon observing the appellant turn his face from him he did not partake of the whiskey, and when the latter again faced him returned to him the bottle. The witness also testified that he knew from the appearance of the contents of the bottle and by smelling it that it contained whiskey, but that the appellant did not appear to be under the influence of an intoxicant.

It further appears from the testimony of this witness (Simmons) that the county judge, who, by some means not explained in the record, had obtained infor-

mation of what occurred at the meeting between the witness and the appellant near the railroad station, about 7:30 of the night following began and held in his office a court of inquiry before which he caused the witness Simmons to be brought by a deputy sheriff, where, after being placed under oath by the county judge, Simmons, in response to the questioning of that judicial officer, related all the facts occurring at his meeting with the appellant, including the offer to him by the latter of the drink of whiskey from the bottle produced by him. Thereupon the county judge issued a warrant for the arrest of the appellant, and also a search warrant authorizing a search of his automobile for and the seizure of any intoxicating liquors that might be found therein.

It was shown by the evidence that the whiskey in the appellant's automobile was thereafter seized and taken in custody by a deputy sheriff, acting under the search warrant, and also that the appellant was arrested by the same officer under the warrant authorizing his arrest, but whether these warrants were executed on the night they were issued, or on the following morning, was not made to appear from the evidence. It is shown by the bill of evidence, however, that appellant gave bail the following day to appear before the county judge for trial on the charge contained in the warrant of arrest, and that upon the execution of the bail bond he was discharged from the county jail.

It further appears from the bill of evidence that the county judge adjourned his court of inquiry begun the night the warrants were issued to the following morning, and that before reconvening it in his office he visited the appellant in jail, and after there administering to the latter an oath requiring truthful answers to such questions as he might ask him and then asking of him a few questions concerning his possession of the whiskey leading to his arrest, the county judge returned to his office, where the appellant, by his order, was immediately brought before him in charge of a deputy sheriff for further interrogation. Upon the appellant's arrival at the office of the county judge, the business of the latter's court of inquiry was recommenced, and after the appellant was reminded by the county judge that he was still under oath, his further examination was resumed and completed; the interrogation being conducted by the county attorney and participated in by the county judge.

The evidence then obtained from the appellant is not in the record filed on this appeal, but according to the testimony given by him on his trial in the circuit court in support of his plea of immunity, which does appear in the record of the appeal, that given by him in the court of inquiry was of so wide a range as to cover every detail of his possession of the whiskey found in his automobile and contained in the bottle from which he gave or offered the witness, Simmons, a drink, and from the time of his obtention of the whiskey down to that of its seizure under the search warrant and his arrest. And it is conceded that in answer to the questions propounded to him in the court of inquiry the appellant not only frankly admitted his ownership and possession of all the whiskey involved in the pending investigation, but also his purchase of it and the name of the person near Scottsville from whom it was purchased.

The county judge, upon being introduced as a witness in rebuttal by the Commonwealth on the appellant's trial in the circuit court, corroborated the latter's testimony given in that court in regard to the disclosures of his purchase and possession of the whiskey made by him in the court of inquiry, but denied that he was then asked about his possession of the bottle of whiskey seen by the witness Simmons, and stated that he (appellant) was told by him not to speak of that. The testimony of the county judge fails, however, to definitely declare that the appellant did not in fact state that the whiskey in the bottle seen by Simmons was a part of that later taken by the deputy sheriff from his automobile.

But in our view of the law of this case it is immaterial whether the fact last mentioned was disclosed by the appellant in the court of inquiry, as it is manifest from the testimony given by him on his trial in the circuit court that the whiskey in the bottle from which Simmons was offered a drink was part of the whiskey obtained by him through its purchase from Bob Chandler after his arrival in Scottsville. The appellant further testified on his trial in the circuit court that he purchased of Chandler two quart fruit jars of whiskey and from one of the jars filled a pint bottle with whiskey; that it was from this pint bottle that he offered Simmons the drink, as testified by the latter, and that at the time of doing this the jars containing the remainder of the whiskey he had purchased of Chandler were in his automobile then present; that this whiskey in the jars and that he

poured in the pint bottle was the only whiskey he had in his possession while in Scottsville and that the whiskey in the jars was the same seized and taken from him by the deputy sheriff. The truth of this testimony must be accepted as it is uncontradicted by that of any other witness and, as to the description and quantity of the whiskey, supported by the condition and appearance of the jars and contents when seized under the search warrant, one of which contained the quart with which it had been filled and the other a like quantity, minus about one pint, the quantity the appellant claimed to have poured from it into the pint bottle from which Simmons was offered the drink.

It is therefore patent from the evidence that the whiskey contained in the pint bottle from which Simmons was offered the drink by the appellant, was a part of the whole obtained by him of Chandler and that it, together with what was contained in the jars in the automobile then in his immediate presence, constituted the whole and all of the whiskey in his possession at the time the bottle and its contents were seen by Simmons. This being true the appellant's possession of that part of the whiskey in the bottle seen by Simmons cannot, in our opinion, legally be seggregated from the remainder of the whiskey owned by him then present in the automobile so as to make its possession an offense separate and distinct from that of his possession of the whiskey in the automobile. Upon the facts here presented the appellant's unlawful possession of the whiskey seen by Simmons and that carried by him in the automobile constituted but one and the same offense. Hence, as appellant in the court of inquiry held by the county judge before his trial under the warrant in this case, admitted, in testifying under oath, his unlawful possession of the whiskey referred to, though without specific mention of that part of it seen by the witness Simmons in the bottle from which he was offered a drink, such testimony rendered him immune to prosecution for the offense charged in the warrant.

This immunity is granted by section 6 of the Liquor Prohibition Enforcement Statute, which declares:

"No witness before a grand jury, court of inquiry, or on a trial for any violation of this act, shall be permitted to refuse to answer any question because the answer will incriminate himself, but his

evidence shall not be used against him in any subsequent proceedings, and such witness shall not be prosecuted for any offense disclosed in such testimony."

The provisions of this section have been enforced by this court in numerous cases, Dunn v. Comlth., 200 Ky. 262; Hall v. Comlth., 202 Ky. 811; Dockins v. Comlth., 204 Ky. 424; and they were not inapplicable to the case at bar because the main object intended and expected to be accomplished by the county judge in requiring the appellant to testify in the court of inquiry, was the discovery of the name of the bootlegger from whom he obtained the whiskey found in his possession.

The appellant's plea in bar should have been sustained by the trial court and his request for an instruction directing a verdict of acquittal granted. For the reasons indicated the judgment of the lower court is reversed for a new trial and such further proceedings as may be consistent with the opinion.