**Emory HAZEL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1963.

J. Reid Caudill, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of the offense of grand larceny and sentenced to serve two years in the penitentiary. As grounds for reversal of the conviction it is urged that the court erred in refusing to grant a directed verdict of acquittal because: The evidence was insufficient to support the verdict and judgment, and it was conclusively established that appellant was so drunk he could not have had a "felonious intent" at the time he allegedly perpetrated the offense.

Charles Brooks testified that during the afternoon of April 5, 1962, while he was working in a field located about 400 yards from his home, he saw a Plymouth automobile stop near his house, four men get out and go toward the rear of the house and later return to the car carrying "something in their hands." Brooks stated that after they had driven away in the direction of Park City he discovered that his house had been entered and his two rifles and a shotgun had been stolen.

Allen Peavy, a state trooper, testified that on April 5, 1962, he stopped a Plymouth automobile near Park City which was occupied by appellant and four other men. He stated that these men were drunk, that he placed them under arrest, searched their car and found a shotgun and two rifles which were subsequently identified as the guns which had been stolen from Brooks earlier that afternoon.

Appellant did not testify nor did he introduce any evidence in his own behalf.

Although the Commonwealth did not produce a witness who could identify appellant as one of the men who had entered the Brooks home, it was shown that the property stolen from Brooks was found in an automobile in which appellant was riding when it was searched by officer Peavy. This character of evidence has often been held sufficient to sustain a conviction of grand larceny. Chaney v. Commonwealth, Ky., 307 S.W.2d 770; Kenney v. Commonwealth, 199 Ky. 79, 250 S.W. 494, and Davis v. Commonwealth, 191 Ky. 242, 229 S.W. 1029. See also, French v. Commonwealth, 198 Ky. 512, 249 S.W. 761, on the sufficiency of the evidence of joint possession.

Officer Peavy testified that appellant was drunk at the time of his arrest and he was permitted to express an opinion to the effect that appellant had been intoxicated for several hours prior to his arrest. It was also shown by this witness that it is a ten mile drive from Park City to the Brooks residence. Relying on this evidence, appellant contends that he was shown to have been so drunk at the time of the alleged commission of the offense that he was unable to have had a felonious intent which the law requires in order to constitute larceny.

To constitute the crime of larceny the intent with which the property was taken must be felonious. To take property in the absence of an intention to steal (that is, an intention to wrongfully take the property from the possession of the owner with the intent to convert same to the use of the

taker permanently and to deprive the owner of the benefit of it) is not larceny. Mearns v. Commonwealth, 164 Ky. 213, 175 S.W. 355.

Assuming that the evidence was sufficient to raise the defense of drunkenness, the appellant was not entitled to a directed verdict of acquittal but he was entitled to an instruction covering this defense. Mearns v. Commonwealth, 164 Ky. 213, 175 S.W. 355; Roberson's New Kentucky Criminal Law and Procedure, Section 872, page 1094, also Section 842, page 1061; Bishop's New Criminal Law, Volume II, Section 841, page 489. The record reflects that such an instruction was given and consequently there was no error in this respect.

The judgment is affirmed.