Argued May 7, decided June 4; rehearing denied July 16, 1912.

## STATE v. MICHELLOD.

[124 Pac. 263: 124 Pac. 657.]

INTOXICATING LIQUORS—DEFENSE—EVIDENCE—ADMISSIBILITY.

1. In a prosecution for the unlawful sale of intoxicating liquors in a local option district, where it appeared that the two accused had been licensed to conduct a place for the sale of soft drinks, and the license was ambiguous as regarded the location, testimony as to the exact location and the name of the resort was admissible.

CRIMINAL LAW—APPEAL—HARMLESS ERROR.

2. In a prosecution for the sale of intoxicating liquors, where it appeared that a license to conduct a place for the sale of soft drinks had been issued to accused, testimony that no additional license had been issued at the time of the offense was not prejudicial.

CRIMINAL LAW—APPEAL—REVIEW.

3. Under Section 3, Article VII, of the Constitution, as amended November 8, 1910 (Laws 1911, p. 7), providing that no fact tried by a jury shall be otherwise re-examined, unless the court can affirmatively say there is no evidence to support the verdict, a conviction for the unlawful sale of intoxicating liquor will not stand, where there was no competent testimony to show that accused was connected with the sale.

INTOXICATING LIQUORS—OFFENSE—EVIDENCE—SUFFICIENCY.

4. In a prosecution for the unlawful sale of intoxicating liquors, evidence held sufficient to support a conviction.

CRIMINAL LAW—APPEAL—FINDINGS—EVIDENCE.

5. Where, in a trial for the unlawful sale of intoxicating liquor, a finding that the relation of principal and agent existed between the defendant and another was supported by some evidence, it will not be disturbed on appeal.

From Wallowa: JOHN W. KNOWLES, Judge.

Xavier Michellod and S. V. Davin were jointly convicted of the crime of selling intoxicating liquors, and the first-named defendant appeals.　　　AFFIRMED.

For appellant there was a brief over the names of *Mr. Daniel Boyd* and *Mr. A. M. Runnells,* with an oral argument by *Mr. Boyd.*

· For the State there was a brief over the names of *Mr. Francis S. Ivanhoe,* District Attorney, and *Mr. Andrew M. Crawford,* Attorney General, with an oral argument by *Mr. Ivanhoe.*

MR. JUSTICE MOORE delivered the opinion of the court.

The defendants, Xavier Michellod and S. V. Davin, having been jointly convicted of the crime of unlawfully selling intoxicating liquor in Wallowa County, appeal from the resulting judgment. The material averments of the indictment herein are essentially the same as in the case of *State* v. *Runyon,* 62 Or. 246 (124 Pac. 259), and no error was committed in overruling a demurrer to the accusation, or in receiving in evidence orders made by the county court of that county, declaring the result of an election held therein to have been "for prohibition," and absolutely prohibiting the sale of intoxicating liquors· in the entire county, except for the purposes and under the regulations specified in the local option law.

1. There was introduced in evidence, over objection and exception, an application, addressed to the common council of the City of Joseph, for a license to sell soft drinks at a designated place in that city. To this petition was subscribed the names of "Davin & Michellod." Accompanying the petition was an undertaking, signed in the same manner, wherein it was stated "that we, S. V. Davin and Xavier Michellod, partners as Davin & Michellod," as principals, etc., and dated April 20,

1911. The undertaking recited that, "whereas the said City of Joseph has this day given and granted to S. V. Davin and Xavier Michellod, partners as Davin & Michellod, a license to carry on and conduct a soft drink emporium in their building, situated on the west side of the alley in said city and the south side of First street, between Main and Mill streets in said city, for the period of 12 months from date hereof, application for such license having been made by said Davin and Michellod for the premises above named: And now, therefore," etc.

A. White, the then city recorder of Joseph, was permitted, over objection and exception, to testify that the amount demanded for conducting in that city a soft drink establishment was $100 a year; that the witness made an entry in the books of his office of the issuing of a license, based on the application and bond referred to; that no other petition or undertaking had been given for that purpose; and that the place designated in the bond was known as the "Pastime."

It is possible that several buildings may have stood on the side of the alley referred to in the undertaking, thereby rendering the description ambiguous; and, in order particularly to identify the premises intended, testimony was admissible to show that the place where the business was conducted was also known as the "Pastime."

2. The amount of the fee prescribed by ordinance for the privilege of selling soft drinks may have been immaterial; but, as the undertaking acknowledges that the license was issued to Davin and Michellod, April 20, 1911, for the term of 12 months, and the indictment charges an unlawful sale of intoxicating liquor on September 15th of that year, it is difficult to see how any prejudice could have resulted from proving the fact, or from showing that no other soft drink license had ever been issued, except pursuant to the application herein.

3. It is maintained that the evidence was insufficient

to connect Michellod with the alleged sale of alcoholic drink, and, this being so, an error was committed in refusing to set aside the judgment and to grant a new trial. No application was made for a directed verdict of not guilty; and the defendants, having relied upon a finding of an acquittal, thereby waived most every other question that could otherwise arise. If there were no competent testimony from which the jury could have found that Michellod was connected with the commission of the crime, the verdict of guilty as charged will not sustain the judgment of conviction. Section 3, Article VII, Constitution of Oregon, as amended November 8, 1910 (Laws 1911, p. 7) ; *Consor* v. *Andrew,* 61 Or. 483 (123 Pac. 46).

4. The testimony given at the trial herein tends to show that the alleged sale of intoxicating liquor, relied upon for a conviction, was made by Charles Runyon, who was at that time employed by D. J. Staats. Staats testified that, Davin, Michellod, and himself having formed a partnership to engage in the sale of intoxicating liquors, they brought a stock of alcoholic drinks and saloon fixtures to Joseph, and that he, in November, 1910, subscribed the firm name of Davin & Michellod to an application for a license to conduct such business, but that, owing to the uncertainty of the application of the home rule amendment to cities and towns in a county which, as a whole, had declared for prohibition, they concluded not to engage in the traffic until a final determination of the question had been reached in the case of *State* v. *Schluer,* 59 Or. 18 (115 Pac. 1057) ; but that in the meantime the witness again subscribed the firm name of Davin & Michellod to the application and the bond upon which the soft drink license was issued; that at the time he last appended the names of his associates he thought he had authority from them to do so, but that upon being notified by the witness of his intention to conduct a

business of that kind Michellod refused to be connected with the sale of soft drinks; that on September 15, 1911, the time of the alleged unlawful sale, neither Davin nor Michellod had any interest in the business in which the witness was then engaged, though they owned the building which he occupied.

The testimony in these respects was corroborated in most particulars by Michellod, who states upon oath that he did not participate in the profits and had no interest in the soft drink business. He did not state, however, that he had no knowledge that his name was subscribed by Staats to the application and the undertaking, based upon which "a license to carry on and conduct a soft drink emporium" was issued to Davin & Michellod.

The proper foundation having been laid, Byron F. Miller, the assessor of the county, testified that, prior to September 15, 1911, he visited the Pastime emporium for the purpose of listing for taxation the property kept in the building, and was informed by Staats that the stock and fixtures belonged to the Davin & Michellod Company; and that Staats was working at that place for the firm. The declarations so imputed to Staats are forgotten by him.

From a consideration of the testimony on this branch of the case, and from the circumstances adverted to, we think it cannot be said there was no competent evidence tending to support the verdict, and for that reason no error was committed in refusing to grant a new trial.

Other errors are alleged; but, deeming them unimportant, the judgment is affirmed.          AFFIRMED.

Decided July 16, 1912.

## ON PETITION FOR REHEARING.

[124 Pac. 657.]

MR. JUSTICE MOORE delivered the opinion of the court.

In a petition for a rehearing it is insisted that the evidence received at the trial of this case was insufficient to establish the relation of principal and agent as existing between the defendant and Charles Runyon at the time it is alleged in the indictment that intoxicating liquor was unlawfully sold. The testimony narrated in the opinion and the attending incidents adverted to therein constitute some evidence on this branch of the case. Whether or not such evidence outweighed the very strong counter-showing made by the defendant was for the jury to determine, and, they having the matter adversely to his contention, the conclusion thus reached is controlling.

From a statement in the opinion, to the effect that Michellod did not, as a witness, deny that he had knowledge that his name had been subscribed by Staats to the application for a soft drink license and to the undertaking therefor, we do not wish to be understood as intimating that such disavowal was essential, or that any failure in this respect could have been considered by the jury in a criminal action, but rather that a stronger case might possibly have been made in the defendant's favor by doing so. But, however this may be, since there was some evidence received from which the jury might have determined that the relation of principal and agent existed, it follows that the petition should be denied; and it is so ordered.

AFFIRMED: REHEARING DENIED.