(85 South. 867)

MILLS v. STATE. (3 Div. 364.)

(Court of Appeals of Alabama. June 15, 1920.)

1. CRIMINAL LAW ☞563—"CORPUS DELICTI" AND CONVICTION INVOLVE PROOF OF CRIMINAL ACT AND DEFENDANT'S AGENCY.

Proof of the corpus delicti and the conviction of defendant involve two questions, first, a criminal act, second, defendant's agency in the production of the act; a "corpus delicti" consisting of a criminal act.

[Ed. Note.—For other definitions. see Words and Phrases, First and Second Series, Corpus Delicti.]

2. INTOXICATING LIQUORS ☞238(2) — EVIDENCE HELD INSUFFICIENT TO ESTABLISH CORPUS DELICTI OF OFFENSE.

Evidence in a prosecution for distilling, making, or manufacturing alcoholic liquors *held* to justify giving of affirmative charge for defendant.

3. INTOXICATING LIQUORS ☞239(2) — ORAL CHARGE INAPPLICABLE TO THE ISSUES AND MISLEADING.

In a prosecution for distilling, making, or manufacturing intoxicants, oral charge that, if a distilling plant was found on the premises, the fact was prima facie evidence that the tenant or owner in possession had knowledge of the plant's existence, *held* erroneous as inapplicable to the issues involved, and tending to mislead the jury.

---

4. CRIMINAL LAW &⁼⁼⁼1172(6)—INAPPLICABLE INSTRUCTION NOT HARMLESS TO DEFENDANT CHARGED WITH MAKING INTOXICANTS.

In a prosecution for distilling, making, or manufacturing intoxicants, oral charge inapplicable to the issues and misleading, that if a distilling plant was found on the premises the fact was prima facie evidence the tenant or owner in possession had knowledge of its existence, *held* not harmless to defendant.

Appeal from Circuit Court, Autauga County; F. Boyd Tate, Judge.

Andrew Mills was convicted of manufacturing prohibited liquors, and he appeals. Reversed and remanded.

The oral charge of the court excepted to is as follows:

"The law says with reference to that, Any apparatus, plant, or structure found on the premises, that is, speaking of a distilling apparatus or plant for the making or manufacturing and distilling of alcoholic liquors, that if it is found on the premises, that fact shall be prima facie evidence that the tenant or owner in actual possession of the premises has knowledge of the existence of the same, and of the purpose for which the same were to be used."

Ballard & McGaugh, of Montgomery, for appellant.

The indictment was based upon Acts 1915, p. 16, § 15, and the evidence does not support it. 81 South. 366; 203 Ala. 276, 82 South. 526. The court was in error in its oral charge.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence warranted a submission of the case to the jury. Gay v. State (6 Div. 671) ante, p. 446, 85 South. 863. The oral charge of the court, although technically erroneous, was harmless. 13 Ala. App. 267, 69 South. 244. At most it was merely misleading, and, not having requested an explanatory charge, defendant cannot now complain. 52 Ala. 322; 194 Ala. 174, 69 South. 586; 196 Ala. 14, 71 South. 682.

BRICKEN, P. J. The facts contained in this record, and upon which the judgment of conviction was predicated, are so unusual it is deemed advisable and proper for this court as a whole to consider this case, and the conclusion reached by the entire court sitting en banc is that the evidence offered and the inferences to be drawn therefrom fail utterly in establishing the corpus delicti of the offense charged.

The defendant was indicted under section 15 of the act approved January 25, 1919 (Acts 1919, p. 16). It was charged that he distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors since January 25, 1919, contrary to law.

The substance of the testimony of the three witnesses for the state is that during the absence of the defendant they searched his residence, and found in a room, which was admittedly occupied as a dwelling or living room by the defendant, a tin can of about 16 gallons capacity. The can appeared to have originally been used as a container of lard. The can was empty, and it had an odor as if it had recently been used in the cooking of mash or beer, and showed some particles of mash on the inside of the can. There was on or by the can a top or lid which had a hole in it near the rim. There was also found in the room a barrel containing about 20 gallons of a mixture out of which the witnesses stated alcoholic beverages might have been distilled or manufactured; said mixture containing corn meal, or mash, water, and some syrup. The defendant came home while the state witnesses were there, and he said that the substance in the barrel was being used as hog feed. All the state's witnesses carefully searched the two rooms, which composed the said dwelling, and also other parts of defendant's premises, but failed to find any manufactured alcoholic liquors or beverages, or, as stated by them, any indication that alcoholic beverages or liquors had been manufactured, other than hereinabove stated. There was no piping or coil found on the premises. The state's witnesses stated that they were familiar with the utensils used by some illicit manufacturers of alcoholic beverages, and that said can and top and the said mixture in the barrel were adapted to that purpose when used in connection with a pipe or coil.

[1] From these facts can it be said that the crime charged has actually been perpetrated? No distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors were found in the possession of the defendant or upon his premises. Proof of the corpus delicti and the conviction of the defendant involves two questions: First, a criminal act; second, the defendant's agency in the production of the act. Corpus delicti is defined in Wharton's Criminal Evidence, § 325, as follows:

"A corpus delicti, a proof of which is essential to sustain a conviction, consists of a criminal act, and to sustain a conviction there must be proof of the defendant's guilty agency in the production of such act."

In Words and Phrases, vol. 2, p. 1625, will be found this expression:

"The corpus delicti is the body or substance of the offense. This means, and has always meant, the existence of the criminal fact."

[2] Under all the evidence in this case, we are of the opinion that the defendant was entitled to the general affirmative charge requested by him as to each count of the in-

dictment, and that the refusal to give these charges constituted error to a reversal.

[3, 4] The portion of the oral charge of the court, to which exception was reserved, was not applicable to the issues involved in this case, and tended to mislead the jury. We are unable to agree with the insistence of the Attorney General, who concedes error in this connection, but insists that the error was harmless, in view of the fact that the evidence for the state was undisputed. We think the exception was in point and well taken.

For the errors pointed out, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.