## NUBY v. STATE.   (8 Div. 9.)

(Court of Appeals of Alabama.   June 30, 1923. Rehearing Denied Oct. 30, 1923.)

I. Criminal law ⬅406(4)—Cross-examination of defendant as to former plea of guilty in federal court held permissible.

In a prosecution for manufacturing intoxicating liquor, where defendant's evidence tended to show he had no knowledge of the still or interest in it, cross-examination as to whether he had not pleaded guilty in the federal court to the offense charged was permissible, such plea being in the nature of a judicial confession.

2. Intoxicating liquors ⬅238(1)—Evidence of manufacture held for jury.

Evidence of the manufacture of intoxicating liquor held to raise a question for the jury.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Frank Nuby was convicted of manufacturing prohibited liquors, and he appeals. Affirmed.

G. O. Chenault, of Albany, for appellant.

The affirmative charge should have been given for defendant. Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Jones v. State, 18 Ala. App. 116, 90 South. 135; Adams v. State, 18 Ala. App. 143, 90 South. 42; Mills v. State, 17 Ala. App. 493, 85 South. 867. The action of the court in overruling the objection of defendant to the question whether he had pleaded guilty to the same charge in the federal court was prejudicial error. Burnett v. State, 18 Ala. App. 318, 91 South. 893.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was sufficient evidence to submit the case to the jury, and the affirmative charge was properly refused defendant. Stewart v. State, 18 Ala. App. 114, 90 South. 49; White v. State, 18 Ala. App. 275, 91 South. 888.

FOSTER, J.   The defendant, appellant, was convicted of manufacturing prohibited liquors. The evidence for the state tended to show that in May, 1920, a factory-made copper still was found about 107 or 108 steps southwest of defendant's house, and that there was a path leading from the house by a hogpen down to the still; that there was beer used for making whisky in the still; that it had not been long since there had been a fire there; that the still had been run; that there were five gallons of whisky and some singlings in fruit jars and a thump keg used as a cap for a still found in defendant's smokehouse. A furnace was made of a ditch across which the still was placed, and a fire had been made in the ditch furnace. It was in a pine thicket. There was about

---

three-quarters of a cord of pine wood piled near the still and a couple of armfuls at the still. The smokehouse was 8 or 10 feet from defendant's dwelling house. The evidence for the defendant tended to show that he had no knowledge of the still there, no interest in it, and that he had not manufactured any prohibited liquors there.

[1] It was permissible for the state to ask defendant on cross-examination if he did not plead guilty in the federal court to the offense with which he was here charged. This was in the nature of a judicial confession. Angling v. State, 137 Ala. 17, 34 South. 846.

There is no merit in the other exceptions reserved.

[2] The main insistence of defendant's counsel is that the general affirmative charge requested by defendant should have been given. There were sufficient facts to submit to the jury the question of the guilt vel non of the defendant, and the court did not err in its refusal to give the affirmative charge for the defendant. White v. State, 18 Ala. App. 275, 91 South. 888; Stewart v. State, 18 Ala. App. 114, 90 South. 49.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.