Argued December 11, affirmed December 15, 1925.

## STATE v. GEORGE GLASBURN.

(241 Pac. 846.)

**Intoxicating Liquors — Circumstantial Evidence Held Sufficient to Sustain Conviction for Possessing and Manufacturing.**

1. Circumstantial evidence *held* sufficient to sustain conviction for possessing and manufacturing intoxicating liquor.

**Criminal Law—Rejection of Accused's Offer of Proof as to His Connection With Still Held not Error.**

2. In prosecution for manufacturing and possessing intoxicating liquor, rejection of accused's offer to prove that witness had seen still in operation about 400 feet from log where mash was found *held* not error, since offer did not show accused's connection with or responsibility for still.

Criminal Law—In Liquor Prosecution, Exclusion of Accused's Testimony as to Kind of Work Done by Him Held not Error.

3. In prosecution for possessing and manufacturing intoxicating liquor, in which it was shown that liquor and mash had been found near shack in woods where accused lived, exclusion of accused's testimony as to quantity of work done by him *held* not error, where quantity of wood cut by him was in evidence.

Intoxicating Liquors—Detailed Evidence as to Kind of Wood-working Outfit Used by Accused Held Properly Excluded in Liquor Prosecution.

4. In prosecution for possessing and manufacturing intoxicating liquor, detailed evidence as to kind of outfit used by accused in sawing wood for another *held* properly excluded as immaterial.

Criminal Law—Circumstantial Evidence will not Support Conviction if It be as Consistent With Innocence as With Guilt.

5. Circumstantial evidence will not alone support conviction if it be as consistent with accused's innocence as with his guilt.

Intoxicating Liquors — Unlawful Possession of Intoxicating Liquor may be Show by Circumstantial Evidence.

6. Unlawful and conscious possession of intoxicating liquor may be shown by circumstantial evidence.

Criminal Law—Supreme Court cannot Consider Weight of Conflicting Evidence, Weight Being for Jury.

7. Under Constitution, Article VII, Section 3 (c), where evidence is conflicting, Supreme Court cannot consider weight thereof if there is substantial competent evidence to support verdict; weight of evidence being exclusively for jury.

---

Criminal Law, 16 C. J., p. 543, n. 34, p. 560, n. 64, p. 851, n. 70, p. 859, n. 91, 93, p. 764, n. 54, p. 929, n. 86; 17 C. J., p. 264, n. 89.
Intoxicating Liquors, 33 C. J., p. 749, n. 90, p. 758, n. 80, 86 New, p. 759, n. 96, p. 761, n. 53, p. 762, n. 61, p. 777, n. 58, 59, p. 787, n. 65.

From Washington: GEORGE R. BAGLEY, Judge.

Department 2.

On October 18, 1924, the grand jury of the county of Washington returned an indictment against George Glasburn, the defendant, charging that on July 23, 1924, he did receive, possess, transport, deliver, manufacture, sell, give away, have in his possession, and barter, intoxicating liquor. To this indictment the defendant pleaded not guilty. On December 8th of

that year he was tried before the court and a jury and found guilty of possessing and manufacturing intoxicating liquor. Defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Mr. B. A. Green,* with an oral argument by *Mr. L. A. Wells.*

For respondent there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. E. B. Tongue,* District Attorney.

BEAN, J.—1. The defendant alleges error in the refusal of the court to direct a verdict of not guilty. The evidence tended to show that some time prior to July 23, 1924, defendant secured a job of cutting wood for one Robertson and secured permission to live in an old shack on the premises, where the wood was cut. The premises from which the wood was cut, and upon which defendant lived, consisted of 40 acres of cut-over stump and brush land, surrounded by other similar land. It was a secluded place. The main highway in this section of the country is the Sholes Ferry road. From this road a branch road known as a plank road leads across a creek and a swamp, to a place where they formerly had a logging camp and where the shack mentioned in the testimony as the Glasburn Shack, in which the defendant lived for about a year while cutting wood, prior to his arrest, is located.

The testimony also tends to show that the defendant practically finished cutting the wood in May, prior to his arrest; that since then he had worked two or three days for another person, and had also

worked some in piling dry limbs of wood. From this point there were old wood roads, in which brush had grown up, leading in different directions.

The testimony in the case is circumstantial. On July 23d the officers made a search of the territory around the shack where the defendant resided and found a fifty-gallon keg of mash, with a new ax-handle in the barrel, about 250 feet south of the shack, and a keg of moonshine about 150 feet north of the shack. The testimony tends to show that there was a well-beaten trail from the shack to a log, by which the mash was hidden, and to the log where the moonshine was concealed, which was approached by going several feet upon one log and then nearly at right angles, several feet on the other. That the moonshine and the mash were covered over with moss, etc., which indicated that it had been recently concealed.

In the shack was found a few corks and about a dozen bottles in a sack, and two or three one-gallon glass containers, or jugs, were found in an open garage, one of the jugs having a rope in the handle which the defendant claimed he used as a water jug.

At the time of the arrest, no one else was living upon the premises. While the testimony is circumstantial, yet it plainly indicates that the person who concealed the mash and the liquor went to the place of concealment on the trail from the shack, where the defendant undisputably lived.

There was testimony to support the verdict, which the jury was as competent to pass upon as is the court. There was no error in refusing to direct a verdict of not guilty.

2. It is assigned that the court erred in refusing the testimony of Perry Curtis, witness for defendant, to the effect that a few days prior to the date of appellant's arrest he had seen in the vicinity of the shack, and within 400 feet of where the mash was found, a still in operation. Upon objection of the state as irrelevant and immaterial, which objection was sustained, the defendant made the following offer:

"Mr. Green: Defendant at this time desires to make offer of proof that if the witness, Perry Curtis were permitted to answer the question propounded to him by counsel for defendant that he would answer that in the vicinity of the shack and on the adjoining premises belonging to a Mr. Harmon, that he in the month of June while out hunting saw a still in operation on these premises, which still was approximately four hundred feet from the point and from the log where the mash was found as testified by Officer Stockdale."

Counsel for defendant stated that the witness did not know whose still it was. The proof was rejected and defendant saved an exception.

The offer of proof did not tend to show whether or not the defendant was connected with or responsible for the still, or connect the matter with the case. Counsel asserts that it was intended to go further and show that the defendant was not in any way connected with the still; but the offer of proof is not sufficient for that purpose and there was no error in rejecting the offer.

3. It was also assigned that the court erred in refusing to permit the defendant to show by the testimony of Paul Jensen and himself what amount of work defendant had been doing since he lived in the shack. Whatever may be said in regard to this

testimony, it was in evidence by the owner of the wood that as measured defendant had cut about 478 cords.   Therefore, as there was no dispute in regard to the quantity of wood, the defendant was not injured in any way by the ruling.

4. The defendant was permitted to introduce testi mony tending to show that for a few days immediately preceding his arrest he had been sawing wood for a certain party.   The defendant then sought to introduce a detailed statement of the kind of an outfit he had for sawing and splitting wood, which was excluded as immaterial.   We think the ruling was correct; such details were not pertinent to the question of the guilt or innocence of the defendant.   Just what kind of tools he used would not throw any light upon the case.

5. We approve the principle contended for by defendant's counsel that ''Where a criminal case rests on circumstantial evidence alone, it will not support a conviction, if the evidence be as consistent with the innocence of the defendant as with his guilt.'' Underhill's Crim. Ev., III, 727.   The testimony in the case, although indirect, is sufficient to sustain a verdict for a much graver crime than that charged against defendant.

Defendant cites and relies upon: *Mitchell* v. *State,* 18 Ala. App. 119 (89 South. 98); *Stewart* v. *State,* 18 Ala. App. 114 (90 South. 49); *Clark* v. *State,* 18 Ala. App. 217 (90 South. 16).

In the present case the paraphernalia found in and about the shack fitted with and supported the other circumstances in the case.   The jury could reasonably find that the testimony connected the defendant with the illicit business.   This case does not rest alone upon the fact that a path led from the

shack to the liquor and mash, like the case of *Mitchell* v. *State, supra.* When the deputy sheriff, L. O. Stockdale, approached the defendant at the time of the arrest, the testimony indicates, in addition to that enumerated, the following colloquy between the officer and defendant:

" * * I asked him where the other fellow was. He said there wasn't any other fellow; so we talked a little while. I said, 'Well, where is the can?' He said, 'You go to hell and find it.' So I said, 'Well, it is here; I know it is here; it has been here; I saw where it has been.' He said, 'Yes, you fellows know a hell of a lot'—and he was black with rage— he was so mad he was shaking all over."

Some gentlemen asked him what he was doing; he said he was under arrest.

"This fellow says, 'What's the matter, did you kill somebody?' He said, 'No, I didn't, but I ought to have,' he said; he kind of laughed and he said, 'Well, I know that it ain't no crime enough to hang me anyhow,' * * "

In *Stewart* v. *State, supra,* the syllabus reads:

"In a prosecution for unlawfully distilling intoxicating liquors, evidence that a complete still, which apparently had been recently operated, was found near the defendant's residence, and he was arrested at that point early in the morning, *held* sufficient, in connection with his explanation of the possession of whisky and of the large quantity of sugar in his barn, to sustain a conviction."

In *Clark* v. *State, supra,* the facts differed from those in the present case. There the defendant was charged with the possession of a still. It was merely shown that the still was found in a pasture some distance from defendant's house. A path led from defendant's house to a spring and then over a fence

into the pasture. The testimony indicated the path continued on by the still and out of the pasture toward other houses, which were as near or nearer to the still as the defendant's house. It was not shown who owned or controlled the pasture. The case is not in point.

6, 7. Unlawful and conscious possession of intoxicating liquor may be shown by circumstantial or indirect evidence: Underhill on Crim. Ev. (3 ed.), § 727. Article VII, Section 3 (c) of the Constitution provides that: " * * no fact tried by jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

This court has frequently held that where there is substantial competent evidence to support a verdict, the court is precluded from considering the weight of the evidence where it is conflicting. The weight of the testimony is exclusively for the jury: *State* v. *McPherson,* 69 Or. 381, par. 2 (138 Pac. 1076); *State* v. *Carothers,* 69 Or. 383, par. 1 (138 Pac. 1077); *State* v. *Russel,* 64 Or. 247, 250 (129 Pac. 1051); *State* v. *Hill,* 63 Or. 457, 459 (128 Pac. 444); *State* v. *Chase,* 106 Or. 263, 274, par. 10 (211 Pac. 920); *State* v. *Holbrook,* 98 Or. 43, 47 (188 Pac. 947, 192 Pac. 940, 193 Pac. 434).

After an examination of the records, we find no prejudicial error therein.

The judgment of the trial court is therefore affirmed.                        AFFIRMED.

McBRIDE, C. J., and BROWN and RAND, JJ., concur.