Argued September 8, affirmed September 21, rehearing denied October 19, 1926.

## STATE *v.* MARK BROOM.

(249 Pac. 361.)

**Intoxicating Liquors.**

1. Where defendant, in prosecution for possession of liquor, made no attempt to explain discovery of moonshine about his premises, evidence *held* sufficient to support conviction.

**Criminal Law.**

2. Where substantial competent evidence supports verdict, Supreme Court cannot consider weight of such evidence, that being solely for jury.

**Intoxicating Liquors.**

3. Circumstantial evidence is competent to prove unlawful possession of intoxicating liquors.

---

Criminal Law, 17 C. J., p. 255, n. 52.
Intoxicating Liquors, 33 C. J., p. 751, n. 11, p. 761, n. 53.

From Lane: G. F. SKIPWORTH, Judge.

Department 1.

The defendant appeals from a judgment of conviction upon an indictment charging him with the unlawful possession of intoxicating liquor. The only errors assigned are: First, that there was no evidence to support the verdict. Second, the evidence

2. See 2 R. C. L. 194.
3. See 8 R. C. L. 179.

was so weak that verdict must be presumed to have been the result of passion, prejudice or partiality. Third, the court should have granted defendant's motion for a new trial.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. F. C. Heffron.*

For respondent there was a brief over the name of *Mr. John S. Medley,* District Attorney, with an oral argument by *Mr. Gordon S. Wells,* Deputy District Attorney.

COSHOW, J.—1, 2. The evidence in behalf of the state is to the effect that the defendant was in possession of the premises where the moonshine whisky was found, under a contract of purchase entered into in the year 1922; that some time in March, 1923, he sold it to one Francis Dowdy; that some time between March, 1923, and after hop-picking time of the same year, said Dowdy as a witness for defendant testified that he moved the household furniture and other effects belonging to the defendant from said premises at the request of the defendant; that some time in May two deputy sheriffs and the then district attorney armed with a search-warrant searched the premises and found therein in an outhouse situated from 25 to 100 feet from the dwelling, a quart Mason jar partly filled with moonshine whisky; also either in that outhouse or in the dwelling another similar jar was found containing some moonshine whisky; that they took both jars of moonshine whisky and a Luger revolver; that two of the parties making the search testified that both jars containing the moonshine whisky were found in the outbuilding and the

other one, being the one who found it, testified that he found it beneath the stairs in said dwelling; that the outbuilding contained three rooms and an unfurnished second floor or garret reached by a ladder; that two of the witnesses testified that the second jar containing the moonshine whisky was found beneath the stairs; that the defendant himself had testified in a case the day before his trial in the instant case that he occupied this residence at the time of the search; that he was at work for Booth-Kelly's Company and when he returned home that evening found that the parties making the search had taken his Luger revolver; that when the defendant contracted to purchase the premises Hart was in possession thereof under a lease and was granted permission by defendant's vendor to keep his apples and potatoes and other produce in said outbuilding until he should sell them; that defendant had free access to said outbuilding; that the said outbuilding was in the same inclosure as the dwelling; that defendant's mother was present when said search was made. This evidence is sufficient when uncontradicted and believed to establish that the defendant was in the possession of the premises. It is evidence that he was in possession of the intoxicant. Mr. Hart who had the premises leased when the same were contracted for by the defendant testified positively that he knew nothing about the liquor and that he had not put it there. He was a witness for the defendant. In the light of this testimony we cannot say there is no competent testimony tending to prove the charge. No attempt was made by the defendant to explain it away. Where there is substantial competent evidence to support a verdict this court is precluded from considering the weight of the evidence for that is the exclusive function of the jury: *State* v. *Glas-*

*burn,* 116 Or. 451 (241 Pac. 846); *State* v. *Chase,* 106 Or. 263 (211 Pac. 920); *State* v. *Holbrook,* 98 Or. 43, 97 (188 Pac. 947, 192 Pac. 640, 193 Pac. 434).

3. Circumstantial evidence is competent to prove the crime of unlawful possession of intoxicating liquors: *State* v. *Glasburn,* 116 Or. 451 (241 Pac. 846).

"It has been the constant and uninterrupted practice of this court since *State* v. *Brown,* 1 Or. 271, which was a capital case, to the present time, * * to hold that a motion to set aside a verdict or for a new trial for insufficiency of the evidence, in either a criminal or a civil case, was addressed to the sound discretion of the trial court, and that its ruling thereon cannot be assigned as error in this court on appeal." *State* v. *Sing,* 114 Or. 267, 282 (229 Pac. 921).

The instructions of the court were fair, full and impartial, and the defendant not only did not save an exception but in open court said that he had none. The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and BROWN and BURNETT, JJ., concur.