Argued January 6, affirmed February 8, 1927.

## STATE *v.* C. W. DRURY ET AL.

### (252 Pac. 967.)

**Criminal Law—Where There is Any Substantial Competent Evidence for Jury, Motion for Directed Verdict Should be Overruled.**

1. A motion for a directed verdict ought to be overruled, if there is any evidence material to the issues which is competent to go to the jury.

**Intoxicating Liquors—Possession of Intoxicating Liquor may be Shown by Circumstantial Evidence.**

2. In prosecution for possession of intoxicating liquor, it is not necessary that possession be proved by direct evidence, but it may be shown by circumstantial evidence.

---

1. See 26 R. C. L. 1076.

Intoxicating Liquors—In Prosecution for Possession, Evidence Held
    to Indicate Joint Possession With Another and to Support
    Conviction.

3. Where the accused, in prosecution for possession of intoxicat-
ing liquor, was shown to have been drinking, and there was
liquor in his automobile when he was arrested with a companion
who had bought the liquor, *held* that evidence indicated joint
possession of liquor and supported conviction.

Intoxicating Liquors—Control and Possession of Automobile Con-
    taining Intoxicating Liquor Held not Separable into Two
    Parts Between Accused and Another but Joint.

4. Where it was proved, in prosecution for possession of in-
toxicating liquor, that accused was with another in accused's
automobile and intoxicating liquor was found on side occupied by
the other, *held* control and possession of automobile could not be
divided into two parts, but was joint.

Intoxicating Liquors—Possession of Liquor may be Joint, Though
    Ownership is not, and Actual Possession or Ownership not
    Necessary.

5. Neither ownership nor actual physical possession is neces-
sary to support conviction for possession of intoxicating liquor;
possession may be joint, though ownership is single.

Criminal Law—Instruction That Accused Might Aid and Abet in
    Possession of Intoxicating Liquor, if Error, Held Harmless,
    in View of Statute (Or. L., § 2370).

6. Instruction that jury should convict accused if they found
that he aided and abetted the purchaser of intoxicating liquor
in possessing it was, if error at all, harmless, in view of Section
2370, Or. L., providing that those who aid and abet in committing
crime are principals.

---

Criminal Law, 16 C. J., p. 121, n. 6, p. 936, n. 75.
Intoxicating Liquors, 33 C. J., p. 585, n. 97, 98, 99, 1, 2, p. 616,
n. 59, p. 761, n. 53, p. 762, n. 61.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.

The defendant Chris Kremmel was jointly indicted
with one C. W. Drury by the grand jury of Lane
County for the crime of the unlawful possession of in-
toxicating liquor. Upon the trial he was convicted
and sentenced to pay a fine of $100 and serve a term
of thirty days in the county jail. Defendant appeals.

                            AFFIRMED.

For appellant there was a brief and oral argument by *Mr. E. O. Immel.*

For respondent there was a brief over the name of *Mr. John S. Medley,* District Attorney, with an oral argument by *Mr. Gordon S. Wells,* Deputy District Attorney.

BEAN, J.—At the appropriate time the defendant's counsel moved the court to direct a verdict of acquittal, and assigns the refusal as error. The testimony in the case, on the part of the state, tended to show the following: On June 30, 1926, an automobile, belonging to Chris Kremmel and occupied by two men, was parked on the side of a county road about five miles north of Eugene at 10 o'clock in the morning. The car remained there until about 2 o'clock in the afternoon, at which time two deputy sheriffs, in answer to a telephone call, went to the place and made an examination of the car. They found in the car the defendant Kremmel sitting in the driver's seat and by his side the defendant Drury, both of whom were asleep. Drury was very drunk and Kremmel was under the influence of liquor. On the floor of the car in front of the portion of the seat occupied by Drury was a bottle containing a quantity of moonshine whisky. Both defendants were arrested and brought to Eugene. On the way in the defendant Kremmel requested the officers to see what they "could do for him, to get him out of the deal," and suggested that responsibility for the difficulty he was in could all be laid on the shoulders of the defendant Drury and that the deputy sheriffs use their influence so as to let Drury "take the jolt," and not let Kremmel "into it." After he had arrived in town he informed the

sheriff's office that he had been there on the highway "twenty minutes previous to his arrest." Thereupon. defendant Kremmel moved for a directed verdict, which was denied.

The defendant then introduced testimony tending to show that on the morning in question Kremmel had worked all night in a bakery until about 5 o'clock in the morning, when he went home, but returned to the bakery and remained for an hour or two, driving the car in question.

In driving up the street he met the defendant Drury, who worked at odd times in Kremmel's bakery, and who was at the time under the influence of liquor. Kremmel took Drury into the car. They drove to Springfield and then over certain county roads until they arrived at the place where they were arrested. That Drury had purchased the bottle of liquor prior to meeting Kremmel.

1–3. Where there is any substantial competent evidence to go to the jury a motion for a directed verdict ought to be overruled: *State* v. *Broom,* 119 Or. 469 (249 Pac. 331); *State* v. *Michellod,* 62 Or. 271 (124 Pac. 263, 124 Pac. 657); *State* v. *Glasburn,* 116 Or. 451 (241 Pac. 846). It is competent to show the possession of intoxicating liquor by circumstantial evidence: *State* v. *Mageske,* 119 Or. 312 (249 Pac. 364). The finding of the intoxicating liquor in the automobile, of which the defendant had control and possession, and the circumstances indicating that he had joint control or possession of the intoxicating liquor, warranted the jury in finding the defendant guilty: *State* v. *Sawyer,* 71 Mont. 269 (229 Pac. 734); *State* v. *Dascenzo,* 30 N. M. 34 (226 Pac. 1099); *State* v. *Johnson,* 39 Idaho, 440 (227 Pac. 1052); *State* v.

*Broom, supra;* Underhill on Criminal Evidence (3d ed.), § 731.

4. The testimony in the case, both direct and indirect, tended to show that the bottle of intoxicating liquor was in the joint possession of both of defendants. The possession of intoxicating liquor may be joint even though ownership is not joint: *State v. Harris,* 106 Or. 211 (211 Pac. 944); *Smith* v. *State,* 90 Tex. Civ. 273 (234 S. W. 893); *State* v. *Williams,* 117 Or. 238 (243 Pac. 563); 33 C. J. 585.

There was substantial, competent and sufficient evidence to overcome the presumption of innocence and from which a jury could reasonably conclude that defendant Kremmel was guilty. The stress laid by defendant upon the fact that the liquor in question was found upon the side of the car, occupied by the defendant Drury, would seem to evince a desire to separate the control and possession of the automobile into two parts, one in the possession of the owner and driver of the car, the other in the possession of the defendant Drury, the invitee. The jury would not be warranted in making such a nice distinction in the case, neither would the court.

5. In the case of *French et al.* v. *Commonwealth,* 198 Ky. 512 (249 S. W. 761), Farmer, the owner and driver of the automobile, in driving through town picked up French and another and exceeded the speed limits in leaving town, and stopped voluntarily just outside the city limits. When the officers came to the car a bottle containing a quantity of intoxicating liquor was found about the car, the cap of the bottle resting upon the head of Farmer's car. All three occupants of the car were charged jointly with the possession of intoxicating liquor. The court, among other things, said:

"As Farmer was the sole owner and driver of the car in which they were riding, it is insisted by appellants that he alone would be guilty of possessing liquor, if it were possessed by either. We cannot, however, give our assent to this narrow construction in view of the state of the record. If, as the jury may have believed, appellants jointly owned and possessed the liquor and took it with them in the car for the purpose of drinking or otherwise using it for their joint benefit, they were all guilty of the offense of possessing intoxicating liquors."

The appellant apparently seeks to maintain that possession of intoxicating liquor can only be several and that there cannot be such a thing as a joint possession, as distinguished from ownership. This contention has been settled adversely to defendant by this court in the case of *State* v. *Harris, supra,* a case in principle much like the one at bar. In that case this court approved the following instruction at page 226 of the Report:

"I instruct you that possession may be either exclusive or joint with another person, and if you find that defendant did not have the exclusive possession of said property, but that he had a joint possession with some other person or persons, or if you find beyond a reasonable doubt that W. H. Graves was jointly in possession of said liquor with the defendant, and that said liquor was an intoxicating liquor, and that defendant had knowledge that said liquor was placed in his home, then you must find the defendant guilty as charged."

The defendant Kremmel in the present case had the right to control the liquor found in the car and to have it ejected therefrom. Instead of doing that he assisted the defendant Drury in the possession and transportation of the liquor, or the portion that remained, during a large part of the day. The circum-

stances indicated that the defendant Kremmel was the general director in the joint enterprise, Drury not being able to manage affairs. In 33 C. J. 585, paragraph 198, it is stated as follows:

" 'To possess' means to have the actual control, care and management of the liquor, and not a passing control, fleeting and shadowy in its nature. Neither ownership nor actual physical possession is essential. And possession through a coprincipal or through an innocent agent would come within the purview of such statutes."

6. The defendant assigns error of the court in charging the jury that all persons concerned in the commission of a crime, whether it be a felony or misdemeanor, whether they directly commit an act constituting a crime or aid and abet in its commission, though not present are principals and to be tried and punished as such, and that if the jury found that Drury purchased the liquor in question and if it found that the appellant aided and abetted Drury in the possession of said liquor, then it would be the duty of the jury to convict the defendant.

Whether or not this instruction was absolutely necessary to be given in the case or apt, we do not deem it a reversible error. Section 2370, Or. L., declares that, "all persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the crime, or aid and abet in its commission, though not present, are principals, and to be tried and punished as such."

In the case of *State* v. *Carmody*, 50 Or. 8 (91 Pac. 446, 1081, 12 L. R. A. (N. S.) 828), it was held that an instruction, on a prosecution for an illegal sale of intoxicating liquors, to the purport, that defendant

would be guilty if he aided or assisted another in effecting the sale in violation of law, was not error under the section above quoted.

The defendant contends that in the case at bar Section 2370, Or. L., has no application. We fail to see why one may not aid another in the unlawful possession of intoxicating liquor as well as in the unlawful sale of the same. If a ten-gallon keg of whisky belonging to A is unlawfully in a building, and he desired to move the same a short distance therefrom and bury it, and should request his neighbor B to assist him in so doing, and B conforms to the request, we think that B would be guilty of aiding and abetting A in the unlawful possession of the intoxicating liquor.

In the present case, taking defendant's version of the matter to a certain extent, the fact that defendant Kremmel took Drury and his liquor and transported him and it from Eugene to Springfield, and then in a roundabout way to the place where the defendants were arrested, and where a portion of the liquor still remained in Kremmel's car, would be aiding Drury in such possession, if it is possible to do so.

We find no reversible error in the record. The judgment is affirmed.          AFFIRMED.

BURNETT, C. J., and COSHOW and RAND, JJ., concur.