Argued June 17; affirmed September 4; rehearing denied
October 7, 1930

# STATE *v.* MURPHY

(290 P. 1096)

*Gordon R. Watt* of Vernonia for appellant.

*John L. Foote,* District Attorney of St. Helens, for the State.

COSHOW, C. J. ■ It will be noted that the indictment does not charge defendant with having maliciously burned a building. The word "malicious" is a necessary ingredient to charge arson: Or. L., §§ 1931, 1932, 1934, and 1937; 2 R. C. L. 509, § 13; 5 C. J. 559, § 31; 31 C. J. 697, § 246. There is another reason why the crime of arson is not charged in the indictment, and that is, the building burned is not alleged to have been the property of another. An owner of a building may destroy it by fire without being guilty of any crime. In order to constitute arson of any degree it is necessary that the indictment allege that the burning was of a structure belonging to another: *State v. Director*, 113 Or. 74, 79 (227 P. 298, 231 P. 191). Defendant was indicted under Oregon Laws, section 1937. It was not error to overrule said demurrer.

The other assigned error is that the evidence is not sufficient to carry the case to the jury. It is contended by defendant that all the evidence is circumstantial and that the circumstances are just as consistent with innocence as with guilt. There was evidence that defendant many times expressed the wish that the building would burn. He had leased the building and was operating a restaurant therein. He was not making any money and was compelled to resort to other means in order to live. There was evidence that he asked one of his employees, an old man, to burn the building, and offered to pay him for his services if he would burn the building. Within a very few days after soliciting the aid of said employee to burn said building, defendant procured the keys to the rooms in said building over the restaurant from said employee. Said employee had the keys to the rooms of the building which had formerly been occupied as a hotel. When the defendant returned the keys to said

employee on the day of the fire, defendant said to him that he left the door unlocked because he wanted to enter that room again. Said employee, upon going up on the second and third floors, found coal-oil distributed in different ways in the building. He also smelled the odor of petroleum throughout the two upper floors. The building was a three-story structure. He reported his findings to the city marshal. Defendant left Vernonia, where the fire occurred, about five o'clock for Portland, where he spent the night. The fire was discovered about seven o'clock in the evening. Defendant's defense was an alibi. He urges that he could not have set the structure on fire because he had been gone from Vernonia two hours when the fire was discovered. The burning was of a very small extent and was easily put out.

██ The personal property in the building belonged to defendant and was insured. There is material evidence that defendant was involved financially and was being pressed by at least one of his creditors for payment. In our judgment this was sufficient evidence to carry the case to the jury. It is a rule established firmly in this state that where the evidence is circumstantial the defendant must be acquitted, if the circumstances are as consistent with his innocence as with his guilt, but here the circumstances are such as to point directly to the guilt of defendant and evidence of motive is present. It is not for this court to determine the weight of the testimony nor the credibility of the witnesses. We are bound in those respects by the verdict of the jury: *State v. Glasburn,* 116 Or. 451, 456 (241 P. 846); *State v. Drury,* 120 Or. 546, 549 (252 P. 967).

The judgment is affirmed.

BEAN, BROWN and BELT, JJ., concur.