Argued and submitted June 16, reversed and remanded July 16, 1997

## STATE OF OREGON,
### *Appellant,*

*v.*

## LARRY SHANE FITZPATRICK,
### *Respondent.*

### (CF960211; CA A93321)

942 P2d 819

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

■    Defendant was charged with one count of assault in the third degree and two counts of assault in the fourth degree. ORS 163.165; ORS 163.160. He demurred to the third-degree assault charge, and the trial court sustained the demurrer. The state appeals. ORS 138.060(1). We reverse and remand.

The first count of the indictment mirrors the language of ORS 163.165[1] and alleges that:

> "The defendant, on or about 02/17/96, in the County of Umatilla and State of Oregon, did unlawfully and knowingly, *while being aided by another person actually present*, cause physical injury to [the victim], by beating him with his fists[.]"

(Emphasis supplied.)

Defendant's demurrer claims that this allegation is insufficient under ORS 135.630(6), which requires that an accusatory instrument be "definite and certain." According to the demurrer, the indictment does not name the person who allegedly aided defendant in physically injuring the victim, leaving defendant "not able to determine what person [was] intended to have aided [him]."

■■    Generally, an indictment is sufficient if it describes the offense in the words of the statute. *State v. Nussbaum*, 261 Or 87, 91, 491 P2d 1013 (1972); *State v. Bockorny*, 125 Or App 479, 483, 866 P2d 1230 (1993), *adhered to* 126 Or App 504, 869 P2d 349, *rev den* 319 Or 150 (1994). Moreover, "the identity of persons connected with a criminal offense need not be stated in an indictment unless such identity is an essential element of the crime charged." *State v. Shadley / Spencer / Rowe*, 16 Or App 113, 121, 517 P2d 324 (1973).

---

[1] ORS 163.165 provides, in part:

"(1)  A person commits the crime of assault in the third degree if the person:

"* * * * *

"(e)  While being aided by another person actually present, intentionally or knowingly causes physical injury to another[.]"

■ The identity of the "person actually present" who aided defendant in knowingly causing physical injury to another is not an element of the offense of third-degree assault. ORS 163.165. The indictment was phrased in the statutory language and sufficiently apprised defendant of the charges against him to enable him to make his defense. *See* ORS 132.550(7) (indictment shall contain a "statement of the acts constituting the offense in ordinary and concise language * * * in such manner as to enable a person of common understanding to know what is intended"). To the extent that defendant needs the identity of the person alleged to have aided him in order to adequately prepare his defense, under the circumstances of this case, that information is available through pretrial discovery. *State v. Thompson,* 40 Or App 461, 464, 595 P2d 842 (1979).

Reversed and remanded.