No. 148          February 28, 2024          303

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEO JASON COX,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR46157; A178481

Andrew M. Lavin, Judge.

Submitted December 1, 2023.

Leo J. Cox filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for unlawful use of a weapon, ORS 166.220. He contends that the trial court erred in denying his demurrer, in which he argued that the indictment was deficient because it did not name the victim of the crime alleged. Because we conclude that the identity of the victim is not an essential element of the crime, we affirm.

The state charged defendant with unlawful use of a weapon after police received a report that defendant had thrown a hatchet at a bicyclist. The indictment charging defendant with unlawful use of a weapon alleged that he "did unlawfully and intentionally attempt to use, carry with intent to use and possess with intent to use unlawfully against another person, a hatchet, a dangerous weapon[.]" As noted, defendant demurred to the indictment because it did not contain the name of the victim. The trial court denied his demurrer, concluding that the victim's name was not an essential element of the crime.

On appeal, defendant assigns error to that denial and reprises his argument that the indictment was required to name the victim. We begin with some basic principles, the constellation of which provides a complete answer to defendant's claim of error. An indictment must contain "[a] statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." ORS 132.550(7). "An indictment fails to state facts constituting an offense when it fails to allege each of the essential elements of the offense." *State v. Wimber*, 315 Or 103, 109, 843 P2d 424 (1992).

"Additionally, 'as a matter of law, the identity of persons connected with a criminal offense need not be stated in an indictment unless such identity is an essential element of the crime charged.'" *State v. Kelly*, 263 Or App 361, 366, 328 P3d 757, *rev den*, 356 Or 575 (2014) (quoting *State v. Shadley/Spencer/Rowe*, 16 Or App 113, 121, 517 P2d 324 (1973)). Determining whether the identity of a person connected to the crime is an essential element, in turn, depends on the

particular crime charged; unless the statute requires iden-tification of the person associated with the crime, identity is not considered an essential element. *See State v. Nussbaum*, 261 Or 87, 96, 491 P2d 1013 (1971), *reh'g den* (1972) ("['U]nless a statute require[s] it, the name of a third person whose identity is not an essential element of an offense or material to the commission thereof need not be stated[.']" (Quoting Ronald A. Anderson, 4 *Wharton's Criminal Law and Procedure* § 1781 (1957) (emphasis in *Nussbaum* omitted; brackets added).)).

*State v. Fitzpatrick*, 149 Or App 246, 248, 942 P2d 819 (1997), is a useful illustration of those principles. There, the crime charged in the indictment—third-degree assault, ORS 163.165, which requires proof that the defendant was aided "by another person actually present"—did not require the state to include the name of the "[]other person actually present" in the indictment. *Fitzpatrick*, 149 Or App at 248-49. In reviewing the defendant's challenge to the indictment, we observed that the indictment was "phrased in the statutory language and sufficiently apprised defendant of the charges against him," and that the statute did not make the identity of the "person actually present" an element of the offense. *Id.* at 249; *see also State v. Kowalskij*, 253 Or App 669, 674, 291 P3d 802 (2012), *rev den*, 353 Or 748 (2013) (identity of identity-theft victim was not material element); *Shadley*, 16 Or App at 122 (indictment, which charged the defendant with providing drugs "to another," was not required to state the name of the other person because the statute describing the offense did not require it).

Framed slightly differently, we have consistently held that an indictment is sufficient if it describes the offense consistently with the statute. And, where the stat-ute does not require the identity of the victim or another person associated with the crime as an element of the crime, the indictment is not deficient for not specifying the name of that person.

Here, the applicable statute, ORS 166.220(1)(a), requires the state to prove that defendant used a weapon "against another." The indictment tracks the language of the statute; indeed, defendant does not contend otherwise.

And, like the statutes at issue in *Fitzpatrick* and *Shadley*, there is no express requirement that the indictment include the person's name, and it is thus not an essential element of the crime.[1] The indictment was therefore not deficient for not specifying the name of the victim.

In arguing for a contrary result, defendant relies on a case that addressed the question of when an indictment can be amended to include the name of a person related to the crime without first resubmitting the case to the grand jury. Citing *State v. Moyer*, 76 Or 396, 398, 149 P 84 (1915), defendant argues that "in crimes alleging acts against the person of another, it is necessary to allege that person as a part of the description of the offense." Yet *Moyer* does not assist defendant here.

In *Moyer*, the defendant filed a successful demurrer to an indictment, which charged the defendant with arson. 76 Or at 398. Arson was then defined, in part, as burning the property "of another." *Id.* (quoting Lord's Oregon Laws, title XIX, ch III, § 1932 (1910)). The indictment alleged that the defendant set fire to a stable but did not specify whether the property belonged to another. *Id.* at 396. The trial court granted the demurrer, and the state amended the indictment to include the name of the person who owned the property that the defendant allegedly had burned. *Id.* at 396-97. The Supreme Court concluded that the state could not amend the indictment to include the property owner's name without first resubmitting the case to the grand jury. *Id.* at 401. In so holding, the court stated that "it was necessary to allege the owner of the [property] as a part of the description of the offense" inasmuch as the statute referred to the property "of another"—and its omission from the indictment was "fatal to a demurrer." *Id.* at 398. That omission could not, in the court's view, be remedied by amendment because whether the property belonged to someone other than the defendant was a "matter of substance." *Id.* at 400. That is

---

[1] Below, defendant asserted that ORS 132.540(5) requires that the indictment name the victim. That statute does not stand for the broad proposition that a victim or person associated with the crime must be named. Rather, that statute provides that if an indictment charges certain sex crimes and if the indictment refers to the victim's identity, the indictment "may include a pseudonym, initials or another signifier instead of the name of a victim." ORS 132.540(5)(a).

because, at that time, an owner of property could destroy their own property by fire without being guilty of arson of any degree.[2] *State v. Director*, 113 Or 74, 79, 227 P 298, *rev'd and rem'd on reh'g on other grounds*, 113 Or 87, 231 P 191 (1924) ("[A]llegation of ownership in an indictment charging arson is part of the description of the offense * * * and is essential in order to show that the property burned did not belong to defendant[.]" (Citing *Moyer*, 76 Or at 398.)); *see also State v. Murphy*, 134 Or 63, 65, 290 P 1096, *reh'g den* (1930) ("An owner of a building may destroy it by fire without being guilty of any crime. In order to constitute arson of any degree it is necessary that the indictment allege that the burning was of a structure belonging to another."). Thus, *Moyer* stands for the narrow proposition that, under the arson statutes in effect at that time, it was necessary to allege in the indictment that the property burned belonged to *someone other than the defendant*—which the indictment in that case had failed to allege—and not that the person had to be identified by name to survive a demurrer.

In sum, because the victim's identity was not an essential element of the offense, the trial court correctly denied defendant's demurrer.

Affirmed.

---

[2]  That is no longer the case. Arson in the first degree is presently defined, in relevant part, as burning the "property of the person or the property of another person." ORS 164.325.